# IN THE UNITED STATES OF AMERICA
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| v. ) | CASE NO. 3:03CR68 |
| ) | (Financial Litigation Unit) |
| DAVID SIMONINI, ) | |
|     Defendant. ) | |
| ) | |
| and ) | |
| ) | |
| WINGFOOT MANAGEMENT, ) | |
| 3 HUGHES CORP., ) | |
|     Garnishee. ) | |

## ORDER OF GARNISHMENT

**THIS MATTER** is before the Court on the answer of Wingfoot Management 3 Hughes Corp. ("Garnishee"), as the Garnishee, the Claim for Exemption filed by David Simonini ("Defendant"), and the Response of the United States to that Claim for Exemption.

On December 16, 2004, the undersigned sentenced the Defendant to 51 months incarceration for his conviction of conspiracy to defraud the United States and to commit money laundering, in violation of 18 USC §§ 371, 1956(h). **Judgment in a Criminal Case, filed January 25, 2005.** As part of that Judgment, the Defendant was ordered to pay an assessment of $200.00, and restitution of $4,913,949.98 to the victims of the crime. *Id.*

The Government now seeks to garnish the Defendant's earnings from the garnishee. The Answer of the Garnishee provides that Garnishee anticipates additional earnings in the form of new wages (gross pay minus total tax withholdings) in the amount of $2,142.72 bi-weekly.

The Defendant has filed a Claim for Exemption stating that $2,000.00 of the Defendant's net

wages must be provided for child support. The United States does not contest the $2,000.00 distribution to child support. However, the United States requests that as soon as the child support order is satisfied due to the age of the child(ren), that the full 25 percent of the Defendant's earnings which remain after all deductions required by law have been withheld and 100 percent of all 1099 payments be applied to the United States' garnishment, and that the Government's garnishment take immediate effect. *See* **28 U.S.C. § 3205(c)(10)**.

As a result, the Garnishee must pay over to the federal government any property in which the Defendant has a nonexempt interest. ***United States v. Weddell,* 12 F.Supp.2d 999, 1000 (D.S.D. 1998),** *aff'd***, 187 F.3d 634 (table), 1999 WL 319323 (8th Cir. 1999)**. However, the FDCPA also provides that a judicial order "for the support of a person shall have priority over a writ of garnishment issued under this section." **28 U.S.C. § 3205(c)(8).** As a result, the order of support of the Defendant's child(ren) has priority, a point which the Government concedes.

**IT IS THEREFORE, ORDERED** that the existing Order of child support has priority over the writ of garnishment issued by this Court until such time as the child support obligation has expired; and

**IT IS FURTHER ORDERED** that subject to the existing Order of child support, an Order of Garnishment is hereby **ENTERED** in the amount of $4,910,049.98 computed through April 9, 2008, which attaches to any earnings of the Defendant subject to the priority of the existing child support obligation; and

**IT IS FURTHER ORDERED** that any earnings that exceeds the child support obligation up to 25 percent shall be garnished in favor of the United States; and

**IT IS FURTHER ORDERED** that upon expiration of the child support obligation, 25

percent of all such earnings shall be garnished in favor of the United States until the Defendant's restitution debt is paid in full.

Signed: April 17, 2008

Lacy H. Thornburg
United States District Judge